# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM T. VANGERVE, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 10-2581 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| Defendants. | : | |

Goldberg, J.                                                                                                   June 14, 2011

## MEMORANDUM OPINION

Pro se Plaintiffs, Kim T. Vangerve and Anthony Coloruno, have filed a civil rights complaint against numerous Bucks County public entities and private individuals alleging violations of their Fourth and Fourteenth Amendment rights. Plaintiffs' allegations generally stem from criminal charges brought against them regarding the theft of approximately $50,000.00. Both Plaintiffs pled guilty to these charges on October 25, 2010.

Before the Court are the motion to dismiss of Defendants Bucks County Commissioners' Office, Bucks County District Attorney's Office and Thomas DiStefano, a Bucks County Assistant District Attorney (collectively the "Bucks County Defendants"); the motion to dismiss of Defendants Doylestown Township and Christopher Power (collectively the "Doylestown Defendants"); and the supplemental motion to dismiss of the Doylestown Defendants. For the reasons set forth below, the motions will be granted.

1

I.  **FACTUAL HISTORY**

The facts, taken from Plaintiffs consolidated complaint,[1] viewed in the light most favorable to Plaintiffs are as follows.

Between January 2008 and May 2008, Vangerve, who was a volunteer with Life Abundant Prison Ministry, was assigned to conduct one-on-one Bible study with Lynn Titus, an inmate at Bucks County Correctional Facility. (Con. Compl. ¶¶ 7, 8.) Titus allegedly had money in a 401k fund, "which she did not wish to disperse to anyone by keeping it in the form of cash." After Titus was released from prison, she convinced Vangerve to open a joint checking account with her at the Citizens Bank in Doylestown, Pennsylvania. This account was opened on June 17, 2008 and Titus deposited $52,993.93 into the account on June 30, 2008. (Con. Compl. ¶¶ 9-11.)

On August 12, 2008, Titus met with Defendant Corporal Christopher Power of the Doylestown Township Police Department, and reported that, without her knowledge, Vangerve had withdrawn most of the funds from the joint account by writing checks to her husband, Coloruno, and through ATM withdrawals. (Con. Compl. ¶ 7.) As a result of Power's subsequent investigation, Plaintiffs claim that Power: acted outside of his primary municipal police jurisdiction in disregard for proper venue; conducted an illegal search and seizure of their bank records by acting outside of his jurisdiction; purposely lied in his sworn affidavit of probable cause by claiming Titus was not aware of activity in the joint account; withheld exculpatory evidence; lied and deceived the court by stating that crimes occurred at a specific address in Doylestown, knowing Titus no longer lived in Doylestown at that time; "either created or helped to create or at least overlooked Ms. Titus'

---

[1] Plaintiffs' complaint and amended complaint were consolidated and will be referred to as the "consolidated complaint" (Con. Compl.).

ALTERED driver license/ ID card;" obtained information about Plaintiffs' bank accounts over the phone without a warrant; fabricated that Plaintiffs' counsel was representing Coloruno on "several other criminal matters" to deceive the court; deceived the court to obtain the court order for disclosure of Coloruno's Citizens Bank records, claiming he needed the information to identify "additional victims;" and took "racist actions against Vangerve, an Asian female, [making her] go through the finger print process on four separate occasions." (Con. Compl. ¶¶ 13-14, 16-17, 29-36.)

Plaintiffs also allege that on October 30, 2009, Assistant District Attorney Thomas DiStefano (ADA DiStefano) filed criminal charges against Plaintiffs "based solely on Cpl. Power's illegal Affidavit of probable cause, illegally obtained records and his (Power) disregards [sic] for the law." (Con. Compl. ¶ 18.)

Vangerve was charged with the theft by unlawful taking, theft by deception, receiving stolen property, theft by failing to make required disposition, conspiracy to receive stolen property and criminal conspiracy to engage in receiving stolen property. (Doylestown Defs.' Mem. Ex. A.)[2] Coloruno was charged with theft by unlawful taking, theft by deception, receiving stolen property, theft by failing to make required disposition and criminal conspiracy to engage in receiving stolen property. (Doylestown Defs.' Mem. Ex. B.)

A preliminary hearing regarding these charges was held on February 8, 2010. Plaintiffs allege that ADA DiStefano did not have anyone from Citizens Bank to authenticate original

---

[2] "Defendants Doylestown Township and Christopher Power's Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Consolidated Complaint Pursuant to Federal Rule of Civil Procedure12(b) and Younger v. Harris" will be cited to as "Doylestown Defs.' Mem." The "Memorandum of Law of Defendants Bucks County Commissioners' Office, Bucks County District Attorney's Office and Thomas DiStefano in Support of Motion to Dismiss Consolidated Complaint Pursuant to Federal Rule of Civil Procedure12(b)(6)" will be cited to as "Bucks County Defs.' Mem."

documents, and thus, District Judge Mark D. Douple dismissed all charges against Coloruno and one charge against Vangerve. (Con. Compl. ¶ 19.)

On March 5, 2010, ADA DiStefano re-filed the dismissed charges and a second preliminary hearing was held on April 27, 2010. Plaintiffs allege that at the second preliminary hearing, no new evidence was offered. However, Plaintiffs also aver that there was a new witness, a Citizens Bank Fraud investigator, who authenticated Coloruno's bank statement "after a few brief seconds glancing at it," and who testified there was no fraud involved in relation to the bank. Judge Douple held Plaintiffs over for court on all charges. (Con. Compl. ¶¶ 20-24.) Plaintiffs claim ADA DiStefano "purposefully withheld the Citizens [B]ank person from the first preliminary hearing in order to re-arrest us set us up for the second preliminary hearing" and "violated Pa. R.Crim. P. 544 for rearresting us with the purpose to harras (sic) us and the rearrest resulted in prejudice, i.e. we are being held over for court." (Con. Compl. ¶¶ 19, 26.)

Plaintiffs further contend that ADA DiStefano used Power's "various lies and deception to file various petitions and obtain various court orders for disclosure of Plaintiffs' bank records;" failed to provide full discovery in the underlying criminal proceedings in a timely basis; has withheld exculpatory evidence; and has violated various rules of criminal procedure and their constitutional rights. (Con. Compl. ¶¶ 39-43.) Plaintiffs request that the Court order the Federal Bureau of Investigation to thoroughly investigate the alleged civil rights violations; provide protection for Plaintiffs when they appear in Bucks County Court of Common Pleas; grant Plaintiffs relief from the "sure retaliation from the entire Bucks County judicial system;" and award them "$500,000 per Plaintiff from each Defendant or whatever the amount the Honorable Court deems to be appropriate." (Con. Compl.; Pls.' Resp. Buck's County Defs.' Mot to Dismiss p. 4.)

4

## II. PROCEDURAL HISTORY

Plaintiffs filed their pro se complaint on May 27, 2010 and an amended complaint on August 17, 2010. On September 8, 2010, the original and amended complaints were consolidated. Thereafter, the Bucks County and Doylestown Defendants filed the motions to dismiss currently before the Court.

On October 25, 2010, Plaintiffs pled guilty to all charges and both subsequently received a sentence of five years probation. (Doylestown Defs.' Supp. Mot. ¶ 7.)

Thereafter, Defendants supplemented their motions seeking to dismiss the consolidated complaint pursuant to Heck v. Humphries, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (Doylestown Defs.' Supp. Mot. ¶ 11; Bucks County Defs.' Supp. to Mot.) Plaintiffs responded claiming that their claims are not barred by Heck and that Coloruno had filed a petition to withdraw his guilty plea. (Pls.' Resp. ¶ 1.) However, according to the docket of the Court of Common Pleas of Bucks County, Coloruno's motion to withdraw his guilty plea was withdrawn on January 19, 2011. (Court of Common Pleas of Bucks County, Docket Number CP-09-CR-002704-2010.)

## III. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

On a motion to dismiss, a pro se complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim." Olaniyi v. Alex Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

## IV. DISCUSSION

In their consolidated complaint, Plaintiffs allege violations of their Fourth and Fourteenth Amendment rights stemming from the investigation that led to their arrest, as well as the court proceedings in Bucks County. While it is clear that Plaintiffs seek to assert Constitutional violations, it is not clear under what statute their lawsuit is being brought. Plaintiffs' consolidated complaint states: "This case involves civil rights violation under the color of the law from Bucks County pursuant to 28 U.S.C. § 1343." However, section 1343 does not serve as a statutory basis for a cause of action, "but rather grant[s] this Court jurisdiction over Constitutional questions." Walsh v. Quinn, 2008 WL 3284877, * 1 (W.D.Pa. Aug. 8, 2008). Because Plaintiffs are proceeding pro se, and entitled to leniency by the Court, though not explicitly asserted, we will read Plaintiffs'

consolidated complaint as alleging violations of their civil rights under § 1983.[3] That statute states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)).

As previously noted, Defendants primarily seek dismissal pursuant to Heck, 512 U.S. at 487. There, the Supreme Court held that § 1983 relief is not available to a civil plaintiff for whom success on the merits would "necessarily imply the invalidity of [the] conviction," unless the conviction was previously negated. The Third Circuit Court of Appeals has explicitly held that under Heck, a guilty plea is sufficient to bar a subsequent § 1983 claim. Gilles v. Davis, 427 F.3d 197, 209 n. 8 (3d Cir. 2005); White v. Brown, 2010 WL 4358469, at *3 n. 4 (3d Cir. Nov. 4, 2010). However, the Heck Court also found "that if a successful claim would not demonstrate the invalidity of any outstanding criminal judgment, it should be allowed to proceed." Heck, 512 U.S. at 487.

The consolidated complaint before me is not broken into counts but rather consists of a stream of allegations. I will address the claims brought against each Defendant, determining first if success on the claim would implicate the validity of Plaintiffs' guilty pleas. If so, the claim is

---

[3] In Plaintiffs' consolidated complaint, they allege that several named Defendants are "persons" under § 1983, which leads us to believe that Plaintiffs intended to bring their claims under that statute.

7

barred by Heck. If not barred by Heck, the claim's validity will be independently examined.

    A.  Defendant Chrsitopher Power

Plaintiffs first argue that by investigating Titus' claims, Power acted outside the limit of his primary municipal police jurisdiction, in violation of their constitutional rights to the Fourteenth Amendment rendering all evidence obtained by him illegal. (Con. Compl. ¶ 16, pp. 7-8.) Given the confusing nature of Plaintiffs' allegations, it is somewhat unclear whether, if successful, this claim would "demonstrate the invalidity of the criminal judgment." Nonetheless, even if this claim is independently examined, these allegations would not support a § 1983 claim.

In order to state a claim under § 1983, a plaintiff must first allege that he was deprived of a right secured to him by the Constitution. Plaintiffs contend that Power violated Pa. R.Crim. P. 130 regarding venue and 42 Pa.Cons.Stat. § 8952 regarding Primary Municipal Jurisdiction by filing a police complaint on Ms. Titus' behalf. (Con. Compl. ¶ 13.) Plaintiffs base this allegation on the fact that Titus no longer resided in Doylestown, Bucks County, as of July 2008. (Con. Compl. ¶¶ 13-15.)

This claim is therefore based upon an alleged violation of Pennsylvania law. "A violation by local officials of state law is not a violation of the federal Constitution." Stop-Save Township Open Places, Inc. v. Board of Sup'rs of Montgomery Township, 1996 WL 663875, at * 2 (E.D.Pa. Nov. 15, 1996) (citing Chesterfield Dev. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir.1992.)) Thus, even assuming that Power acted outside of his municipal jurisdiction had merit, such a violation would not support a § 1983 claim. Moreover, the offenses to which Plaintiffs pled guilty involved stealing money from a bank account opened in the "Citizens Bank located in Doylestown Burrough (sic)," which is located in Bucks County. Titus also filed her complaint "with the Doylestown Township Police Department, 3.30 miles from said Citizens Bank." The claim

is dismissed.

Plaintiffs next allege that Power conducted an illegal search and seizure of their bank records "by acting outside of his jurisdiction" and that he obtained information of Plaintiffs' bank accounts over the phone without a warrant. "[A] plaintiff will be precluded from challenging the seizure of evidence if the plaintiff's criminal conviction would be unsustainable absent the fruit of the seizure." White v. Probation Office, 2008 WL 3837045, at * 5 (M.D.Pa. April 13, 2008) (citing James v. Superior Court of N.J. Bergen County, 2007 WL 3071794, at * 6 (D.N.J. Oct. 19, 2007) ("[C]ases in which the only evidence supporting a conviction is tainted by a possible constitutional violation are perhaps the quintessential example of when the Heck deferred accrual rule is triggered.") However, "Heck does not foreclose suits that attack a limited quantum of the evidence supporting the plaintiff's conviction if the remaining non-challenged evidence is alone sufficient to sustain the conviction." Id. (citing Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety Div. of State Police, 411 F.3d 427, 450 (3d Cir.2005)). As this claim directly relates to the bank account the money was stolen from, success on this claim would imply the invalidity of Plaintiffs' guilty pleas. Thus, it appears that dismissal would be warranted under Heck.

However, even if not barred by Heck, these allegations pertain to a jurisdictional issue that Power conducted an illegal search and seizure of Plaintiffs' bank records "by acting outside of his jurisdiction." As set forth above, such allegations do not rise to the level of a constitutional violation and thus, even if independently examined, dismissal is also warranted.

Plaintiffs further allege that Power illegally obtained information about their bank accounts over the phone without a court order. (Con. Compl. ¶ 32.) It is difficult to determine whether Plaintiffs are raising a separate Fourth Amendment claim or whether this relates to the

9

"jurisdictional" claim previously discussed. Reading this allegation as a separate claim, I find that even if Plaintiffs' claim that Power called their bank without a court order was successful, it would not invalidate Plaintiffs' guilty pleas. Therefore, I am not barred by Heck from examining this claim.

In support of this claim, Plaintiffs cite to a single page of the Doylestown Township Police Narrative/Comment Sheet, in which Power states that he spoke to an employee of Citizens Bank regarding the joint account. (Pls.' Ex A-12.) As Plaintiffs did not provide the full narrative, I do not know the complete chain of events. However, they did provide the final page of the narrative in a separate exhibit. (Pls.' Ex. A-15.) There, Power states that he had obtained a Court Order, which was served on the Citizens Bank Legal Compliance Office, requesting all documents and records relating to Citizen's Bank accounts held in the names of Titus, Vangerve or Coloruno. Thus, it appears Power was authorized to obtain information on Plaintiffs' bank accounts. Because an independent examination of this claim reflects that Plaintiffs have not presented sufficient factual matter to "state a claim to relief that is plausible on its face," it will be dismissed. Ashcroft v. Iqbal, 129 S.Ct. at 1949.

Plaintiffs next aver that Power purposely lied in his sworn affidavit of probable cause.[4]

---

[4] More specifically, Plaintiffs claim Power purposely lied in his sworn affidavit of probable cause by claiming Titus was not aware of activity in the joint account when he knew she had full access to the account; lied and deceived the court by stating that crimes occurred at a specific address in Doylestown, knowing Titus no longer lived in Doylestown at that time; "either created or helped to create or at least overlooked Ms. Titus' ALTERED driver license/ ID card;" fabricated that Plaintiffs' counsel was representing Coloruno on "several other criminal matters" to deceive the court; deceived the court to obtain the court order for disclosure of Coloruno's Citizen bank records, claiming he needed the information to identify "additional victims;" lied in his sworn affidavit that Titus did not know about the activity in the account until July 2009 when all the money was missing when in fact she had access to the account.

Because § 1983 claims based on a lack of probable cause cannot proceed where the plaintiff has been convicted, this claim must also be dismissed. See e.g., Bremmer v. Township of Moorestown, 2011 WL 1882394, at * 6 (D.N.J. May 17, 2010) (because a finding that officers lacked probable cause would "necessarily invalidate plaintiff's guilty plea," Heck forecloses plaintiff's claim); Burke v. Twp. of Cheltenham, 2010 WL 3928524, at * 6 (E.D.Pa. Oct. 5, 2010) (dismissing plaintiff's false arrest claim predicated on his arrest for disorderly conduct, when plaintiff had pled guilty in state court).

Wells v. King, 232 Fed. Appx. 148, 149-50 (3d Cir. 2007), also supports dismissal of this claim. In Wells, the Third Circuit Court of Appeals found that to the extent a plaintiff's claim alleged that a police detective who filled out a warrant lied in the warrant, "such a claim is best understood as a challenge to the detective's determination that probable cause existed for the charge. [Plaintiff] has the burden of showing that the detective 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions . . . that create a falsehood in applying for an [arrest] warrant.'" Id. (citing Merkle v. Upper Dublin School District, 211 F.3d 782, 789 (3d Cir.2000)). The court found that the complaint, which provided "only bare conclusory allegations regarding the 'forged' warrant charge" fell "far short" of meeting that standard and a "District Court need not accept such clearly baseless facts or fanciful allegations." Id. (citing Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). Here too, I find that Plaintiffs have cited to harmless errors or made conclusory allegations that Power lied to the state court.

Plaintiffs next contend that Power withheld exculpatory evidence. Success on such a claim would imply the invalidity of Plaintiffs' conviction. See Wells v. Dist. Attorney's Office of Phila

11

County, 266 Fed. Appx. 187, 188-89 (3d Cir. 2008) (citing Heck, 512 U.S. at 487). Accordingly, I am barred under Heck from independently considering this claim.

Lastly, Plaintiffs allege that Power took "racist actions against Vangerve, an Asian female, [making her] go through the finger print process on four separate occasions." (Con. Compl. ¶ 36.) The success of this claim would not imply the invalidity of Vangerve's guilty plea, and thus, is not barred by Heck. However, to prevail on an equal protection claim in the racial-profiling context, Vangerve must establish that she is a member of a protected class and similarly situated to others not within the protected class who were not prosecuted. Strickland, 647 F.Supp.2d at 429 (citing Carrasca v. Pomeroy, 313 F.3d 828, 834 (3d Cir.2002)). Plaintiffs have made no such allegation. This claim is dismissed.

B. Defendant ADA DiStefano

As to claims against ADA DiStefano, prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." Id. at 410. Because nothing in the consolidated complaint suggests that DiStefano acted outside the scope of his prosecutorial duties,[5] Plaintiffs' claims for damages against ADA DiStefano are dismissed. Walker v. City of Philadelphia, 2009 WL 3103733, at * 2 (E.D.Pa.

---

[5] Prosecutors do not have immunity for administrative functions. The only allegation which could arguably be seen as administrative would be Plaintiffs' claim that DiStefano violated Pa. R. Cr. P. 504 because the time gap between their preliminary arraignment (March 9, 2010) and the second preliminary hearing (April 27, 2010) was too long. I need not reach the question of whether ADA DiStefano's actions fall within the scope of qualified immunity because this allegation does not amount to a constitutional violation by ADA DiStefano. "In Pennsylvania, the responsibility for arranging the times for the preliminary arraignment, as well as the preliminary hearing, and giving notice rests not on district attorneys, but on magistrates. It is the minor judiciary that controls those proceedings." Sands McCormick, 502 F.3d 263, 271 (3d Cir. 2007).

Sept. 18, 2009).

### C. Defendants Bucks County District Attorney's Office, Bucks County Commissioners' Office, and Doylestown Township

According to Plaintiffs, the Bucks County District Attorney's Office, Bucks County Commissioners' Office, and Doylestown Township failed to properly train their personnel. The only specific allegation to support this claim in the consolidated complaint is that the Bucks County Commissioners' Office and Doylestown Township failed to train the Doylestown Township Police Department in that they "allow[ed] their personnel to lie, fabricate, and deceive the court." (Con. Compl. ¶¶ 38, 42.)

Local governmental entities are not liable under § 1983 solely on a theory of respondeat superior. Martin v. Monroe Tp., 2011 WL 255826 (D.N.J. Jan. 25, 2011) (citing City of Okla. City v. Tuttle, 471 U.S. 808, 824 n. 8, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Rather, municipal entities are only subject to § 1983 liability where they have created a policy or custom which has caused a plaintiff's constitutional deprivations, or where the failure to adequately train their employees evidences a deliberate indifference to the rights of others. Carrino v. Township of Weehawken, 2009 WL 3068256, at *4 (D.N.J. Sept. 22, 2009) (internal citations omitted). "A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 148 (citing Colburn v. Upper Darby Township, 946 F.2d 1017, 1030 (3d Cir.1991)). The municipal body must be the "moving force" behind the constitutional injury to the plaintiff. Id. (citing Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 117 S.Ct. 1382,

1388, 137 L.Ed.2d 626 (1997)).

Plaintiffs attempt to impose municipal liability on the Bucks County District Attorney's Office, Bucks County Commissioners' Office, and Doylestown Township is based on a theory of failure to train. (Con. Compl.¶¶ 38, 42.) However, Plaintiffs have not identified examples of specific training that the Defendants failed to provide. Nor does the consolidated complaint allege that the Defendants were deliberately indifferent to any training deficiency or that any such training deficiencies caused Plaintiffs' alleged injuries. Accordingly, the claims of failure to train are dismissed.

### D. All Defendants

Plaintiffs lastly allege conspiracy against all Defendants. They claim that their "rights to due process and basic civil rights have been consistently and continuously abused and violated. The facts in this matter are obvious. The cover-ups from Cpl. Power through ADA DiStefano, through Judge Douple, Judge Fritsch and Judge Bateman are so blatant that it is quite possible all said actors are in collusion." (Con. Compl.) The record in this case does not support this allegation. Thus, Plaintiffs' conspiracy claim will be dismissed. See Walker v. City of Philadelphia, 2009 WL 3103733, at * 2 (E.D.Pa. Sept. 18, 2009) (citing Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir.1991) (conspiracy claims may be dismissed as legally frivolous when based on plaintiff's mere suspicion and speculation)).

### V. CONCLUSION

For the reasons established above, and because I find allowing Plaintiffs leave to amend their complaint would be futile, Defendants' motions to dismiss will be granted.

Our Order follows.

14